**HINCKLEY, ALLEN & SNYDER LLP**
Mitchell R. Edwards, Esq.
Craig M. Scott, Esq. (*pro hac vice* application forthcoming)
100 Westminster Street, Suite 1500
Providence, RI 02903
Telephone: 401-274-2000
Facsimile: 401-277-9600
medwards@hinckleyallen.com
cscott@hinckleyallen.com
*Attorneys for Plaintiff*
*Dreams USA, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DREAMS USA, INC.,<br><br>      Plaintiff,<br>vs.<br><br>OLM COLLECTIBLES, LLC,<br><br>      Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

  Plaintiff, Dreams USA, Inc., brings this action against Defendant, OLM Collectibles, LLC, for federal trademark infringement, federal copyright infringement, and federal and state unfair competition. By its Complaint, Dreams seeks injunctive relief and monetary damages and alleges as follows:

**PARTIES**

  1.  Plaintiff Dreams USA, Inc. ("Dreams" or "Plaintiff") is a designer, wholesaler and manufacturer of a variety of consumer goods, and is an affiliate and exclusive licensee of

1

Dreams Inc. (Japan).  Dreams is a Rhode Island corporation with its principal place of business at 2 Charles Street, Suite 3B, Providence, RI  02904.

2. Defendant OLM Collectibles, LLC ("OLM" or "Defendant") is a limited liability company incorporated in Texas.  Upon information and belief, OLM conducts retail operations online and through retail stores and kiosks located at the American Dream shopping mall, 1 American Dream Way, East Rutherford, New Jersey 07073.

## JURISDICTION AND VENUE

3. This is an action for infringement of Dreams' federally registered trademarks under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, for infringement of Dreams' federally registered copyrights under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related state and common law claims.  Subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a) and (b).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a) in that the claims arise in this District, the Defendant may be found and transacts business in this District, and the injury suffered by Plaintiff took and is taking place in this District.  Defendant is subject to the specific personal jurisdiction of this Court because of its contacts with the State of New Jersey, which include, among others, soliciting and engaging in commercial transactions in New Jersey.

## FACTS

**Dreams' Intellectual Property**

5. Founded in 2009, Dreams is the exclusive North and South American distributor of limited-edition art toys, giftware, and lifestyle accessories created by affiliate Dreams Inc. (Japan).  Its products are offered for sale and sold online at Dreams6USA.com and at select, authorized retailers throughout the Americas.

6. Among Dreams' most popular items is a line of collectible dolls that are offered for sale and sold in connection with the trademark, SONNY ANGEL®.  "Sonny Angel" is a tiny

figure representing a fictitious two-year-old cherub. SONNY ANGEL® dolls have existed for twenty years, and have seen an explosion in popularity in the United States in recent years. In 2023, sales of SONNY ANGEL® dolls increased ten-fold over 2022, demonstrating their surge in popularity and the widespread appeal of the brand.

7. The design, configuration, and original expression of the SONNY ANGEL® doll are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Dreams is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America.

8. To protect the substantial goodwill associated with the SONNY ANGEL® brand, Dreams owns U.S. Trademark Registration No. 6,663,607 for the word mark, SONNY ANGEL, for toy figures (the "SONNY ANGEL® Mark"). A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 6,663,607 is attached hereto as **Exhibit 1**. The SONNY ANGEL® registration, filed March 10, 2021, is valid and subsisting, with a first use in commerce date of January 1, 2004.

9. To protect the original expression inherent in the original design of the "Sonny Angel" doll, Dreams applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"). A true copy of Dreams' Sonny Angel Toy Copyright Certificate of Registration is attached hereto as **Exhibit 2**.

10. Dreams is the exclusive licensee authorized to enforce all right, title, and interest in and to the SONNY ANGEL® Mark, Sonny Angel Toy Copyright, and related trademarks, artwork, characters, and other distinctive elements of the Sonny Angel toy (collectively, the "Sonny Angel IP") in the Americas. Dreams holds the exclusive right to develop, manufacture, market, and sell products bearing, embodying, or incorporating Sonny Angel IP in the Americas.

11. Another of Dreams' popular items are SMISKI® dolls. "Smiski" is a tiny glow-in-the-dark figure representing a curious creature that hides in corners. SMISKI® dolls have been extensively marketed and sold for nine years and continue to grow in popularity in the United States.

12. The design, configuration, and original expression of the SMISKI® toy are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq., and Dreams is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America.

13. To protect the substantial goodwill associated with the SMISKI® brand, Dreams owns U.S. Trademark Registration No. 5,225,371 for the stylized word mark, SMISKI, for, inter alia, toy figures (the "SMISKI® Mark"). A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 5,225,371 is attached hereto as **Exhibit 3**. The SMISKI® Mark registration, filed April 4, 2016, is valid and subsisting, with a priority date of March 4, 2016. In 2022, affiliate Dreams, Inc. (Japan) transferred ownership of the SMISKI® Mark registration to Dreams.

14. To protect the original expression inherent in the original design of the "Smiski" toy, Dreams applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. VA 2-387-799 (the "Smiski Toy Copyright"). A true copy of Dreams' Smiski Toy Copyright Certificate of Registration is attached hereto as **Exhibit 4**.

15. Dreams is the exclusive licensee authorized to enforce all right, title, and interest in and to the SMISKI® Mark, Smiski Toy Copyright, and related trademarks, artwork, characters, and other distinctive elements of the Smiski toy (collectively, the "Smiski IP") in the Americas. Dreams holds the exclusive right to develop, manufacture, market, and sell products bearing, embodying, or incorporating Smiski IP in the Americas.

16. Another of Dreams' most popular items is a line of action figures and accessories that are offered for sale and sold in connection with the trademark, HIPPERS®. "Hippers" are decorative mini-figures that present a new way to display SONNY ANGEL® and SMISKI® dolls, and can be attached decoratively to a computer monitor, smartphone, photo frame or other flat surface. They, too, have seen an explosion in popularity in the Unites States in recent years.

17. To protect the substantial goodwill associated with the HIPPERS® brand, Dreams owns U.S. Trademark Registration No. 7,630,393 for the word mark, HIPPERS, for toy action

4

figures and accessories (the "HIPPERS® Mark").  A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 7,630,393 is attached hereto as **Exhibit 5**.  The HIPPERS® registration, filed October 18, 2023, is valid and subsisting, with a first use in commerce date of at least as early as January 7, 2022.

18. Dreams has invested substantial time, money, and effort to develop and maintain the considerable consumer goodwill it enjoys in its Sonny Angel IP, Smiski IP, and the HIPPERS® Mark (collectively, the "Dreams IP").  Products sold in connection with the Dreams IP have a reputation for high quality and are sold only through authorized and legitimate resellers.  As a result of Dreams' investment in protecting and promoting its intellectual property, the Dreams IP represents valuable commercial assets.

**Defendant's Wrongful and Infringing Conduct**

19. Upon information and belief, Defendant is offering for sale, selling, and/or distributing counterfeit dolls in connection with the Dreams IP (the "Counterfeit Products").  The Counterfeit Products infringe the Dreams IP.  Representative photographs of the Counterfeit Products being offered for sale at OLM retail outlets located at the American Dream shopping mall in this District are attached hereto as **Exhibit 6**.

20. Upon information and belief, OLM is also offering for sale, selling, and/or distributing Counterfeit Products through kiosks it operates at the American Dream shopping mall.  Dreams' investigation has identified Counterfeit Products at kiosks bearing signs that read, "The Truth Graphics."  A QR code that appears on "The Truth Graphics" signs resolves to an OLM website.  Photographs of a representative kiosk offering Counterfeit Products; "The Truth Graphics" signage; the QR code appearing thereon; and the website to which said QR code resolves are attached hereto as **Exhibit 7**.

21. Defendant is neither a licensee of the Dreams IP nor an authorized reseller of products bearing the Dreams IP.

22. On February 28, 2025, counsel for Dreams sent OLM a cease and desist letter demanding that it stop using Dreams' IP. A true copy of the February 28, 2025 letter is attached hereto as **Exhibit 8**.

23. On March 4, 2025, OLM responded, did not deny infringement, and continued to sell goods that infringe Dreams IP.

24. Defendant has used, and continues to use, the Dreams IP without authorization.

**COUNT I**
**Federal Trademark Infringement – SONNY ANGEL®**
**(15 U.S.C. §§ 1114, *et seq.*)**

25. Dreams repeats and realleges the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Dreams is the owner of a federal trademark registration for the SONNY ANGEL® Mark, U.S. Trademark Reg. No. 6,663,607. The trademark registration is in full force and effect.

27. Notwithstanding Dreams' prior rights in the SONNY ANGEL® Mark, Defendant has used said mark in connection with the sale of counterfeit toys and related counterfeit merchandise in the State of New Jersey and in interstate commerce. Defendant has manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the SONNY ANGEL® Mark without Dreams' authorization. Through its unauthorized use of the SONNY ANGEL® Mark in commerce, Defendant has infringed and continues to infringe Dreams' rights in the SONNY ANGEL® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendant's goods.

28. The unauthorized acts of Defendant in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

29. The unauthorized acts of Defendant in advertising and promoting goods as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of Dreams' rights in the SONNY ANGEL® Mark and in spite of its knowledge that such activity was and is in direct contravention of Dreams' rights.

30. Defendant committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the SONNY ANGEL® Mark.

31. Dreams has suffered damages as a result of Defendant's willful acts and has no adequate remedy at law.

32. Unless Defendant is enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT II
### Copyright Infringement – Sonny Angel Toy
### (17 U.S.C. §§ 101, *et seq.*)

33. Dreams repeats and realleges the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Dreams is the owner of a valid federal copyright registration for the Sonny Angel Toy, U.S. Copyright Registration No. VA 2-380-715.

35. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized, counterfeit reproductions that pirate the unique expression protected by the Sonny Angel Toy Copyright in the form of dolls and associated product packaging.

36. Dreams has never authorized, licensed, or in any manner permitted Defendant to manufacture, distribute, sell, or offer for sale any merchandise that bears or depicts the Sonny Angel Toy Copyright.

37. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Sonny Angel Toy Copyright in direct violation of Dreams' copyright.

38. Defendant committed its acts with actual as well as constructive knowledge of Dreams' exclusive rights, and its actions have contributed to the infringing, copying, duplication, sale, and/or offer for sale of unauthorized copies of the Sonny Angel Toy Copyright.  Each act by Defendant that infringes the Sonny Angel Toy Copyright is the basis for a separate claim against Defendant under the Copyright Act.

39. Defendant's acts of copyright infringement are intentional.

40. Dreams has been damaged thereby and has no adequate remedy at law.

41. Defendant's acts as alleged have caused, and are causing, irreparable harm and damage to Dreams and, unless enjoined, said irreparable injury will continue.

42. Upon information and belief, Defendant has obtained gains, profit, and advantages as a result of its wrongful acts.

43. Dreams is entitled, at its option, to statutory damages as provided by 17 U.S.C. § 504 in lieu of actual damages and the Defendant's profits.

**COUNT III**
**Federal Trademark Infringement – SMISKI®**
**(15 U.S.C. §§ 1114, *et seq.*)**

44. Dreams repeats and realleges the allegations of paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Dreams is the owner of a federal trademark registration for the SMISKI® Mark, U.S. Trademark Reg. No. 5,225,371.  The trademark registration is in full force and effect.

46. Notwithstanding Dreams' prior rights in the SMISKI® Mark, Defendant has used said mark in connection with the sale of counterfeit toys and related counterfeit merchandise in the State of New Jersey and in interstate commerce.  Defendant has manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the SMISKI®

Mark without Dreams' authorization. Through its unauthorized use of the SMISKI® Mark in commerce, Defendant has infringed and continues to infringe Dreams' rights in the SMISKI® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendant's goods.

47. The unauthorized acts of Defendant in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

48. The unauthorized acts of Defendant in advertising and promoting goods as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of Dreams' rights in the SMISKI® Mark and in spite of its knowledge that such activity was and is in direct contravention of Dreams' rights.

49. Defendant committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the SMISKI® Mark.

50. Dreams has suffered damages as a result of Defendant's willful acts and has no adequate remedy at law.

51. Unless Defendant is enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

**COUNT IV**
**Copyright Infringement – Smiski Toy**
**(17 U.S.C. §§ 101, *et seq.*)**

52. Dreams repeats and realleges the allegations of paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Dreams is the owner of a valid federal copyright registration for the Smiski Toy, U.S. Copyright Registration No. VA 2-387-799.

54. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized, counterfeit reproductions that pirate the unique expression protected by the Smiski Toy Copyright in the form of dolls and associated product packaging.

55. Dreams has never authorized, licensed, or in any manner permitted Defendant to manufacture, distribute, sell, or offer for sale any merchandise that bears or depicts the Smiski Toy Copyright.

56. Defendant has manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Smiski Toy Copyright in direct violation of Dreams' copyright.

57. Defendant committed its acts with actual as well as constructive knowledge of Dreams' exclusive rights, and its actions have contributed to the infringing, copying, duplication, sale, and/or offer for sale of unauthorized copies of the Smiski Toy Copyright. Each act by Defendant that infringes the Smiski Toy Copyright is the basis for a separate claim against Defendant under the Copyright Act.

58. Defendant's acts of copyright infringement are intentional.

59. Dreams has been damaged thereby and has no adequate remedy at law.

60. Defendant's acts as alleged have caused, and are causing, irreparable harm and damage to Dreams and, unless enjoined, said irreparable injury will continue.

61. Upon information and belief, Defendant has obtained gains, profit, and advantages as a result of its wrongful acts.

62. Dreams is entitled, at its option, to statutory damages as provided by 17 U.S.C. § 504 in lieu of actual damages and the Defendant's profits.

## COUNT V
### Federal Trademark Infringement – HIPPERS®
**(15 U.S.C. §§ 1114, *et seq.*)**

63. Dreams repeats and realleges the allegations of paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. Dreams is the owner of a federal trademark registration for the HIPPERS® Mark, U.S. Trademark Reg. No. 7,630,393. The trademark registration is in full force and effect.

65. Notwithstanding Dreams' prior rights in the HIPPERS® Mark, Defendant has used said mark in connection with the sale of counterfeit toys and related merchandise in the State of New Jersey and in interstate commerce. Defendant has manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the HIPPERS® Mark without Dreams' authorization. Through its unauthorized use of the HIPPERS® Mark in commerce, Defendant has infringed and continues to infringe Dreams' rights in the HIPPERS® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendant's goods.

66. The unauthorized acts of Defendant in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

67. The unauthorized acts of Defendant in advertising and promoting goods as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of Dreams' rights in the HIPPERS® Mark and in spite of its knowledge that such activity was and is in direct contravention of Dreams' rights.

68. Defendant committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the HIPPERS® Mark.

69. Dreams has suffered damages as a result of Defendant's willful acts and has no adequate remedy at law.

70. Unless Defendant is enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT VI
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §§ 1125(a), *et seq.*)

71. Dreams repeats and realleges the allegations of paragraphs 1 through 70 of this Complaint as if fully set forth herein.

72. As a result of Dreams' branding efforts, the public has come to identify the Dreams IP with Dreams and its products.

73. Defendant, by misappropriating and using Dreams IP in connection with the manufacture, distribution, sale, and/or offering for sale of unauthorized merchandise, misrepresent and falsely describes to the general public the origin and sponsorship of its products and other commercial activities.

74. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origins; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Dreams, or as to the origin, sponsorship or approval of Defendant's goods or other commercial activities by Dreams.

75. The aforesaid acts of Defendant constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendant's goods or other commercial activities.

76. The aforesaid acts of Defendant constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. Dreams has been damaged thereby and has no adequate remedy at law.

78. The aforesaid acts of Defendant have caused, and are causing, irreparable harm and damage to Dreams and, unless permanently restrained by this Court, said irreparable injury will continue.

## COUNT VII
## Common Law Unfair Competition

79. Dreams repeats and realleges the allegations of paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80. Dreams has expended substantial time, money, and effort in marketing products featuring Dreams IP and in creating demand for such products in New Jersey and elsewhere in the United States. Consequently, these products have become widely known and accepted.

81. Defendant has distributed and sold unauthorized goods bearing and/or embodying Dreams IP in New Jersey, thereby passing them off as products authorized or distributed by Dreams.

82. Defendant has knowingly and willfully appropriated Dreams IP in an effort to create the impression that Defendant's products are sanctioned by Dreams and to misappropriate the goodwill associated therewith.

83. Defendant's aforesaid acts are a violation and in derogation of Dreams' common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendant's goods.

84. Defendant's aforesaid acts constitute unfair competition and will, unless enjoined by this Court, result in diminishing of the goodwill in Dreams' intellectual property to the unjust enrichment of Defendant.

85. The unauthorized products sold by Defendant are calculated and likely to deceive and mislead purchasers who buy them in the belief that they originate with or are authorized by Dreams.

86. Defendant knows, or reasonably should know, that its conduct is likely to mislead the public.

87. Defendant committed the aforesaid acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Dreams and its business.

88. Dreams has been damaged thereby and has no adequate remedy at law.

89.     The aforesaid acts of Defendant have caused and continue to cause irreparable harm and damage to Dreams and, unless permanently restrained by this Court, said irreparable injury will continue.

## COUNT VIII
## New Jersey Counterfeit Violation
## (N.J. Stat. § 56:3-13.16)

90.     Dreams repeats and realleges the allegations of paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.     The Defendant's conduct as alleged above constitutes the unauthorized use of counterfeit and spurious marks in connection with the sale, distribution, offering for sale, and/or advertising in New Jersey of the Counterfeit Products, and thus is likely to cause confusion, mistake, and/or deception among consumers.

92.     By the acts described above, Defendant has engaged in counterfeiting in violation of N.J. Stat. § 56:3-13.16.

93.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT IX
## New Jersey Statutory Unfair Competition
## (N.J. Stat. § 56:4-1 *et seq.*)

94.     Dreams repeats and realleges the allegations of paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     The Defendant's conduct as alleged above constitutes the unlawful appropriation of Dreams' trademarks, reputation, and/or goodwill.

96.     By the acts described above, Defendant has engaged in unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

97. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Dreams and against Defendant and grant the following relief:

a. A temporary, preliminary and permanent injunction barring Defendant and its officers, agents, servants, employees, retail customers, and all persons acting in concert with Defendant from any further unauthorized use of the Dreams IP;

b. A mandatory injunction ordering Defendant to deliver up for destruction all products bearing any simulation, reproduction, copy, or colorable imitation of any of the Dreams IP ("Unauthorized Products"), including any literature, signs, prints, packages, advertising materials and any other item in its possession or under its control bearing any of the Dreams IP or any simulation, reproduction, copy, or colorable imitation thereof;

c. Compensatory damages resulting from Defendant's infringement of Dreams' trademarks and unfair competition, in an amount to be ascertained at trial;

d. A trebling of any and all relevant damages awarded under the Lanham Act, pursuant to 15 U.S.C. § 1117 *et seq.*;

e. Actual damages resulting from Defendant's infringement of Dreams' copyrights in the amount of the Defendant's profits or, at Dreams' election, an award of statutory damages pursuant to 17 U.S.C. § 504;

f. Enhanced damages resulting from Defendant's willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2);

g. An award of damages for common law unfair competition;

h. An award of damages to the full extent available pursuant to N.J. Stat. § 56:3-13.16 and N.J. Stat. § 56:4-2;

i. An award of Dreams' attorneys' fees and costs; and

j. Such other and further relief that the Court may deem just and proper under the circumstances.

Respectfully submitted,

DREAMS USA, INC.

By its Attorneys,

*/s/ Mitchell R. Edwards*
Mitchell R. Edwards, Esq. (ID#021751999)
Craig M. Scott (*pro hac vice* to be filed)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
(401) 274-2000 Phone
medwards@hinckleyallen.com
cscott@hinckleyallen.com

Dated: April 14, 2025