Hinckley, Allen & Snyder LLP
Mitchell R. Edwards, Esq.
Craig M. Scott, Esq. (admitted *pro hac vice*)
100 Westminster Street, Suite 1500
Providence, RI 02903
Telephone: 401-274-2000
Facsimile: 401-277-9600
medwards@hinckleyallen.com
cscott@hinckleyallen.com
*Attorneys for Plaintiff*
*Dreams USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK

| | |
|---|---|
| DREAMS USA, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OLM COLLECTIBLES, LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:25-cv-02674-SDW-JBC |

## [~~PROPOSED~~] FINAL JUDGMENT

Upon consideration of the motion for default judgment by Plaintiff Dreams USA, Inc. ("Dreams") against Defendant OLM Collectibles, LLC ("Defendant"), the memorandum in support of the motion, the Declarations of Nicolas Sampedro, Alan Buff and Craig M. Scott, Esq., and their exhibits, the record, and upon this Court's finding that Defendant has failed to plead or otherwise defend in this action, the Court GRANTS the motion for default judgment. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment by default be entered in this action in favor of Dreams against Defendant as follows:

1. Defendant has willfully infringed, and is willfully infringing, the Dreams IP, as described and defined in the Complaint, which Complaint is incorporated herein and made a part hereof, by selling and/or offering for sale Counterfeit Products, as described and defined in the Complaint.

2. Defendant and its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with it, are hereby enjoined from:

    a. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the SONNY ANGEL®[1], SMISKI®[2], and/or HIPPERS®[3] Marks, and/or marks and/or artwork that are confusingly and/or substantially similar or identical to the Dreams IP[4];

    b. using any reproduction, counterfeit, copy or colorable imitation of the SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or the Dreams IP, to identify any goods or service not authorized by Dreams;

    c. using the SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or the Dreams IP and/or any other artwork that is substantially similarly to the SONNY ANGEL®, SMISKI®, or HIPPERS® Marks and/or the Dreams IP, on or in connection with Defendant's manufacturing, importing, exporting,

---

[1] U.S. Trademark Registration No. 6,663,607.

[2] U.S. Trademark Registration No. 5,225,371.

[3] U.S. Trademark Registration No. 7,630,393.

[4] The SONNY ANGEL® Mark, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Sonny Angel Toy, the SMISKI® Mark, U.S. Copyright Registration No. VA 2-387-799 (the "Smiski Toy Copyright"), related trademarks, artwork, characters, and other distinctive elements of the Smiski toy, and the HIPPERS® Mark.

   advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing with Counterfeit Products;

d. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant with Dreams, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Dreams;

e. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (1) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any records or evidence relating to Defendant's assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

f. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

g. knowingly instructing any other person or business entity to engage in any of the activities referred to above.

3. Because it would serve both the compensatory and punitive purposes of the Lanham Act's and the Copyright Act's prohibitions on willful infringement, and because Dreams has sufficiently set forth the basis for the statutory damages awards requested in its motion for default judgment, the Court finds that such awards are reasonable and awards Dreams statutory damages against Defendant in the following amounts, plus post-judgment interest:

    a. $300,000 pursuant to 15 U.S.C. § 1117(c); and

    b. $300,000 pursuant to 17 U.S.C. § 504(c).

4. The Court further awards Plaintiff its reasonable attorneys' fees and costs under 15 U.S.C. § 1117(b) and 17 U.S.C. § 505 and, finding that this case is exceptional, under 15 U.S.C. § 1117(a).

5. Within thirty (30) days after this Judgment has been entered with the Court, Dreams shall submit further papers, including a declaration, to this Court setting forth the amount of Dreams' reasonable attorneys' fees and costs.

6. After this Judgment has been entered by the Court, Dreams shall promptly serve a copy of it on Defendant, and Dreams shall file with the Court a proof of service thereof within 15 days thereafter.

7. This Court retains jurisdiction over this matter for purposes of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof.

July 2, 2025

/s/ Hon. Susan D. Wigenton, U.S.D.J.